# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK, 1701 Rhode Island Ave. NW Washington, DC 20036 *Plaintiff*, v. U.S. DEPARTMENT OF EDUCATION, 400 Maryland Avenue Southwest Washington, DC 20202 *Defendant*. | Case No. 1:25-cv-818 **COMPLAINT** |

## INTRODUCTION

1. Plaintiff National Student Legal Defense Network ("Student Defense") brings this action against the United States Department of Education ("Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because the Department has failed to comply with the applicable time-limit provisions of FOIA, Student Defense is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff Student Defense is a nonpartisan, non-profit organization incorporated in the District of Columbia. Student Defense's mission is to work, through a variety of means, to advance students' rights to educational opportunity and ensure that higher education provides a launching point for economic mobility. To further its mission, Student Defense gathers information—including through responses to FOIA requests submitted to government agencies—to inform the public via, *inter alia*, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies. Student Defense believes that transparency is critical to fully understanding the government's role in student protections and promoting opportunity.

6. Defendant U.S. Department of Education is a department of the executive branch of the United States government headquartered in Washington, D.C. and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of the records that Student Defense seeks.

## STATEMENT OF FACTS

7. On November 19, 2024, the Trump Administration transition team announced Linda McMahon as their nominee for Secretary of Education. On March 3, 2025, the United States Senate confirmed Ms. McMahon as the thirteenth Secretary of Education.

8. On January 24, 2025, Student Defense submitted FOIA Request No. 25-02187-F ("the Request") seeking "all documents constituting or reflecting communications between the Department and Linda McMahon."

9. The public has a significant interest in the communications and documents shared between the Department and Linda McMahon during the transition, especially during a time when significant changes are taking place at the Department. Records that shed light on the communications between the Department and Ms. McMahon will contribute significantly to public understanding of the federal government, the transition process, and, potentially, the future of the Department itself.

10. On January 28, 2025, the Department acknowledged receipt of the Request and assigned it tracking number 25-02187-F. They also requested additional information, asking Student Defense to "specify the start date of the communication records you are requesting."

11. On January 28, 2025, the Department updated the status of the Request to "On Hold – Need Info/Clarification."

12. On January 30, 2025, Student Defense updated the Request to read: "From November 19, 2024 to the date of this request, any documents constituting or reflecting communications between the Department and Linda McMahon."

13. On February 4, 2025, the Department acknowledged receipt of the updated Request.

14. On February 7, 2025, the Department updated the status of the Request to "In Process."

15. On March 5, 2025, Student Defense received a 20 Day Status Notification letter from the Department stating that the Request "was forwarded to the appropriate office(s) within the Department to conduct a search for any responsive records. At this time, your request is still being processed."

16. Student Defense has not received any further communication from the Department regarding this Request.

**Exhaustion of Administrative Remedies**

17. As of the date of this complaint, the Department has failed to: (a) notify Student Defense of any determination regarding the Request, including the scope of any responsive records the Department intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

18. Through the Department's failure to respond to the Request within the period required by law, Student Defense has constructively exhausted its administrative remedies and seeks immediate judicial review.

19. The Department's delay stands in stark contrast to the policy of the United States that the "[t]imely disclosure of records is … essential to the core purpose of FOIA," and that agencies should approach FOIA requests with a "presumption of openness." *See* U.S. Attorney General Merrick Garland, Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines at 1, 2–3 (March 15, 2022), https://www.justice.gov/ag/page/file/1483516/download.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

20. Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

21. Student Defense properly requested records within the Department's possession, custody, and control.

22. The Department is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

23. The Department has failed to promptly review agency records for the purpose of locating those records that are responsive to the Request.

24. The Department's failure to conduct adequate searches for responsive records violates FOIA.

25. Student Defense is therefore entitled to injunctive and declaratory relief requiring the Department to promptly make reasonable efforts to search for records responsive to the Request.

## COUNT II
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records

26. Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

27. Through the Request, Student Defense properly requested records within the Department's possession, custody, and control.

28. The Department is an agency subject to FOIA and must therefore release any non-exempt records in response to the Request and provide a lawful reason for withholding any materials.

29. By failing to produce documents responsive to the Request, the Department is wrongfully withholding non-exempt agency records.

30. The Department's failure to provide all non-exempt responsive records violates FOIA.

31. Student Defense is therefore entitled to declaratory and injunctive relief requiring the Department to promptly produce all non-exempt records responsive to the Request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, Student Defense respectfully requests the Court to:

1. Order the Department to conduct searches reasonably calculated to locate all records responsive to the Request;

2. Order the Department to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-

exempt records responsive to the Request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

      3.      Enjoin the Department from continuing to withhold any and all non-exempt records responsive to the Request;

      4.      Award Student Defense the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

      5.      Grant Student Defense such other relief as the Court deems just and proper.

Dated: March 19, 2025                  Respectfully submitted,

                                                   */s/ Tyler S. Ritchie*
                                                   Tyler S. Ritchie
                                                   D.C. Bar No. 90018119
                                                 National Student Legal Defense Network
                                                 1701 Rhode Island Ave. NW
                                                 Washington, D.C. 20036
                                                 tyler@defendstudents.org
                                                 (202) 734-7495